UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARVEY A. REINHOLD, | : | CIVIL NO. **4:CV-07-1997** |
| Petitioner | : | |
| v. | : | (Judge McClure) |
| GERALD ROZUM, et al., | : | (Magistrate Judge Blewitt) |
| Respondents | : | |

**<u>REPORT AND RECOMMENDATION</u>**

Harvey A. Reinhold, an inmate at the State Correctional Institution at Somerset, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 1, 2007.

A 28 U.S.C. §2254 petition may be brought in the federal judicial district in which the state court of the conviction is located and, when the prisoner is confined in a prison located in another federal district in the same state as the state of conviction, the petition may be brought in the district of confinement. The district court for the district in which the petition is filed may transfer the petition to the district court for the district of the conviction when to do so is in the interests of justice. 28 U.S.C. §2241(d).

Petitioner is challenging his 1994 conviction in the Lancaster County Court of Common Pleas for kidnaping, simple assault, prohibited offensive weapon, and indecent assault. (Doc. 1, p. 1). The district in which Petitioner was convicted is the Eastern District of Pennsylvania. Petitioner is confined at SCI-Somerset, which is located in the Western District of

1

Pennsylvania. Petitioner has no connection whatsoever with the Middle District of Pennsylvania. Petitioner's Habeas Petition should not have been filed in the Middle District of Pennsylvania.

The petitioner is a prisoner at the State Correctional Institution at Somerset, Pennsylvania, which is in the Western District of Pennsylvania. He is challenging a conviction in Lancaster County, Pennsylvania, which is in the Eastern District of Pennsylvania. All records of conviction, transcripts of proceedings, witnesses, and counsel are located within the Eastern District of Pennsylvania. The Middle District of Pennsylvania does not have jurisdiction over Petitioner's habeas petition, and venue is not proper in this District. Petitioner is an inmate at SCI-Somerset, located in the Western District Pennsylvania, and is challenging his state conviction which occurred in the Eastern District of Pennsylvania. Thus, the Middle District of Pennsylvania District Court does not have jurisdiction over his Petition. *See Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2718, 2722 (2004) (habeas jurisdiction rests in the district of confinement).

It will be in the interests of justice to transfer this petition to the United States District Court for the Eastern District of Pennsylvania.

Based on the foregoing, it is respectfully recommended that this case be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §2241(d).[1]

                              **s/ Thomas M. Blewitt**
                              **THOMAS M. BLEWITT**
                              **United States Magistrate Judge**

**Dated: November 6, 2007**

---

[1] Petitioner also filed a Motion for Stay and Abeyance of his Habeas Petition until he exhausts his state court remedies. (Doc. 2). We recommend that this Motion be decided by the Eastern District of Pennsylvania if this case is transferred to that District.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARVEY A. REINHOLD, | : | CIVIL NO. **4:CV-07-1997** |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| GERALD ROZUM, et al., | : | (Magistrate Judge Blewitt) |
| | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **November 6, 2007.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                             s/Thomas M. Blewitt  
                                             **THOMAS M. BLEWITT**  
                                             **United States Magistrate Judge**

**Dated: November 6, 2007**